UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA LAUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 C 11050 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| LAWRENCE & MORRIS, and | ) |
| NATHANIEL DAVID LAWRENCE, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff Anita Lauber filed this suit against Defendants Lawrence & Morris and Nathaniel David Lawrence after they brought her to state court seeking to collect on a delinquent consumer debt. Lauber claims that the citation to discover assets she received violated § 1692e and § 1692f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendants move to dismiss Lauber's first amended complaint and seek sanctions for its filing pursuant to 28 U.S.C. § 1927. Defendants argue that the allegedly misleading statement in the citation's caption is substantially similar to the captions recommended for use in other Illinois counties and sanctioned by Illinois statute such that no deception can be found. The Court agrees that Lauber has failed to sufficiently allege that the language Defendants used was material or would have a practical impact on a consumer's decision making process, which bars Lauber's § 1692e claim. The Court also dismisses Lauber's § 1692f claim because that section does not apply to legislatively and judicially sanctioned actions, like the citation at issue here. Although the Court thus grants Defendants' motion to dismiss, it is not appropriate to impose sanctions on Lauber because her actions have not multiplied the proceedings unreasonably and vexatiously.

**BACKGROUND**[1]

Lawrence & Morris, a law firm, and its principal, Lawrence, engage in the business of collecting consumer debts. On behalf of Bradford & Gordon, LLC, they sought to collect a delinquent consumer debt Lauber allegedly owed Bradford & Gordon, LLC for legal services. Defendants filed a complaint to collect the debt on September 2, 2015 in the Circuit Court of Cook County. On September 7, 2016, the state court entered a judgment against Lauber in the amount of $4,913.36. On September 30, 2016, Defendants filed the citation at issue, seeking to determine Lauber's assets at a citation hearing, and mailed it to Lauber. The citation commanded Lauber's presence at the courthouse at a specific date and time. Defendants included the following statement in the case caption: "<u>YOUR FAILURE TO APPEAR AT THIS HEARING MAY RESULT IN YOUR ARREST.</u>" Doc. 1-1 at 26. On March 17, 2017, the judge presiding over the citation proceeding entered an order continuing the citation hearing, noting that the hearing had been "properly filed and [was] conforming with 2-1402." Doc. 18-4 at 2.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

---

[1] The facts in the background section are taken from Lauber's first amended complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).
    In Lauber's first amended complaint, she references exhibits but does not attach those exhibits. The exhibits, however, appear to be the same as those she attached to her original complaint. Although these exhibits should have been attached to the first amended complaint as well, because Defendants themselves assume Lauber intended to refer to the same exhibits, the Court refers to those exhibits attached to the original complaint and advises Lauber to file them separately as attachments to the first amended complaint. The Court also takes notice of the documents Defendants attached to their motion to dismiss because they are matters of public record and thus subject to judicial notice. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Sanctions under 28 U.S.C. § 1927 apply to "attorney[s] or other person[s] admitted to conduct cases in any court . . . who so multipl[y] the proceedings in any case unreasonably and vexatiously[.]" The Seventh Circuit has interpreted the term vexatious to mean subjective or objective bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992) (citing *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (noting that "intentional ill will or reckless conduct constitutes vexatious conduct")). Sanctions are justified where an attorney presses a claim "without a plausible legal or factual basis and lacking in justification," *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)), or "pursue[s] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI*, 769 F.2d 441, 445 (7th Cir. 1985)).

## ANALYSIS

### I. Motion to Dismiss

Defendants seek to dismiss Lauber's first amended complaint against them, claiming that they did not commit any alleged FDCPA violations when using language similar to that

sanctioned by Illinois statute, 735 Ill. Comp. Stat. 5/2-1402, and indeed used by two other Illinois county courts, when sending the citation to Lauber. Defendants chose to use a form case caption approved by the McHenry and St. Clair County courts for citations to discover assets in preparing the citation served on Lauber. *Compare* Doc. 1-1 at 26 (citation served on Lauber), *with* 22nd Judicial Cir. Ct. R. 15.01 (McHenry County rule for citations to discover assets); Doc. 18-3 (St. Clair County form citation to discover assets). Lauber alleges that the citation she received violated the FDCPA because the statement in the caption indicating that her failure to appear may result in arrest did not adequately define the four steps that must occur before she could be arrested for not appearing at the required citation hearing. Specifically, Lauber alleges the caption on the citation was a false or misleading representation in violation of § 1692e, which states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Lauber also claims that the caption to the citation violates 15 U.S.C. § 1692f, in which "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Defendants may use Lauber's pleadings to demonstrate that she is not entitled to relief. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

### A. Section § 1692e

The Seventh Circuit has defined three categories of cases alleging deceptive or misleading statements:

> (1) cases involving statements that plainly, on their face, are not misleading or deceptive; (2) cases involving statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer, for which plaintiffs must produce extrinsic evidence to prove that unsophisticated consumers find the statements to be so; and (3) communications which are plainly deceptive and misleading to an unsophisticated consumer as a matter of law.

4

*Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 814–15 (7th Cir. 2016) (quoting *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)). Typically, determining whether a communication is misleading is a question of fact that the Court cannot determine at the motion to dismiss stage. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). But if the Court can determine from the face of the document in question that "not even a significant fraction of the population would be misled by it . . . the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted). Thus, if the statement in question is "plainly, on [its] face, [ ] not misleading or deceptive," the Court may dismiss the case based on its own determination without looking to extrinsic evidence. *Ruth*, 577 F.3d at 800.

To determine whether a statement is misleading or deceptive under § 1692e, the Court applies an unsophisticated consumer standard. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense."); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (finding that the unsophisticated consumer standard allows a defendant to inform a plaintiff of the right to appear and deny or to "otherwise plead" without setting forth additional details concerning these options). The unsophisticated consumer has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl*, 556 F.3d at 645 (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Although an "unsophisticated consumer 'may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion.'" *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014)

5

(quoting *Pettit*, 211 F.3d at 1060) (finding an unsophisticated consumer would interpret a request for verification of debt by a defendant to be the same as disputing debt).

The Seventh Circuit also requires that an alleged violation of § 1692e be material and as such "have [a] practical impact on a consumer's rights or decision-making process—that is, . . . represent the kind of conduct the [FDCPA] was intended to eliminate." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016). Thus, the Court asks not whether the statement is false or misleading, but whether the statement is material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

Here, the Court finds that Lauber has not and cannot establish that the statement at issue—"YOUR FAILURE TO APPEAR AT THIS HEARING MAY RESULT IN YOUR ARREST"—materially misleads an unsophisticated consumer. 735 Ill. Comp. Stat. 5/2-1402 provides the following with respect to a citation to discover assets:

> All citations issued by the clerk shall have the following language, or language substantially similar thereto, stated prominently on the front, in capital letters: "IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL."

735 Ill. Comp. Stat. 5/2-1402(a). Defendants argue that the citation's caption, which reads "YOUR FAILURE TO APPEAR AT THIS HEARING MAY RESULT IN YOUR ARREST" and the language provided by § 2-1402(a) are substantially similar, meaning Lauber cannot state a claim under § 1692e based on inclusion of the language in the citation. While the statutory language is more informative of the process by which the recipient could be punished, the

6

material effect is the same.[2] Both captions clearly indicate that a failure to appear in court may ultimately lead to arrest and that attendance at the hearing described in the citation is necessary. Whether one understands the process by which one will be arrested for failing to attend a hearing, sophisticated and unsophisticated consumers are warned and encouraged by both statements to attend the hearing. Thus, the Court finds that the meaning implied in the statutorily suggested statement and the citation caption are substantially similar. Even the statute contemplates that similar, and not exact, wording may be used, suggesting no issues with the language Defendants employed. *See* 735 Ill. Comp. Stat. 5/2-1402(a) (indicating that "substantially similar" language may be used).

Lauber nonetheless argues that the caption fails to note four steps that separate a citation hearing from an arrest. *See* Doc. 13 ¶ 27. (stating that in order to be arrested, a rule to show cause must be issued, followed by a failure to appear, leading to a contempt order, followed by a motion for a body attachment order, and if granted, an arrest warrant). Yet, the caption suggested in § 2-1402(a) also does not fully include these four steps. Lauber's argument would mean the very statute Defendants allegedly failed to follow would violate the FDCPA as well. Similarly, both McHenry and St. Clair County courts use the language used by Defendants in the citation, meaning that finding this caption to violate § 1692e would also cause all citations from these two counties to violate § 1692e. Considering that this language has been sanctioned by two other county court systems and that the language does not substantially differ from that provided by state statute, clearly "not even 'a significant fraction of the population' would be misled" by the language Lauber complains of in the caption here. *Taylor*, 365 F.3d at 574–75.

---

[2] Additionally, the citation Lauber received also included additional details concerning the failure to appear for the hearing, again in capital letters and on the first page. *See* Doc. 1-1 at 26. Thus, when taken together with the bolded, underlined, capitalized statement in the caption, the information provided to Lauber fully approximates that included in the statute.

As such, the Court rejects Lauber's § 1692e claim without requiring evidence beyond the citation itself. *Id*. Because the statement in question was not misleading or deceptive, the Court grants Defendants' motion and dismisses Lauber's § 1692e claim with prejudice.

## B. Section 1692f

The Court now turns to Defendants' alleged violation of § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f does not include a clear definition of what constitutes "unfair or unconscionable means," however. *See Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015) ("Unfortunately, the statute does not define the phrase 'unfair or unconscionable.'"); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). But the Seventh Circuit has noted that § 1692f is not "an enforcement mechanism for other rules of state and federal law." *Beler*, 794 F.3d at 474. Specifically, "[t]he implication is that state judicial proceedings are outside the scope of § 1692f. State judges may decide how their judgments are to be collected." *Id.* at 475; *see also Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *4 (N.D. Ill. Mar. 30, 2017) (denying plaintiff's attempt to use the FDCPA under § 1692f to enforce matters governed by state law). Here, Lauber is asking the Court to apply § 1692f to action approved by the Illinois state legislature and courts, to which, under *Beler*, § 1692f does not apply. 480 F.3d at 475 (fact that § 1692f(6) specifies that creditors may not take "nonjudicial action" implies that judges should not read § 1692f "to displace decisions consciously made by state legislatures and courts about how judgment creditors collect judgments entered under state law").

Lauber argues, however, that the Court should follow *Vanhuss v. Kohn Law Firm S.C.*, where the court refused to foreclose application of § 1692f to judicial actions. 127 F. Supp. 3d

8

980, 989 (W.D. Wis. 2015) ("Given the nonexhaustive nature of the list in § 1692f, however, the court has trouble adopting defendants' argument that Congress 'expressly limit[ed] the scope of the statute to nonjudicial actions.'" (alteration in original) (citation omitted)). But the Court disagrees with the *Vanhuss* court in this case, where both legislative and judicial sanction have been granted to the action and language Lauber challenges as unfair or unconscionable. *See Bentrud*, 794 F.3d at 875–76 (finding that § 1692f could not be used to address matters governed by state law); *Beler*, 480 F.3d at 474–75 (finding § 1692f did not apply to defendant's serving of a citation that caused plaintiff's bank to freeze her checking account); *cf. Vanhuss*, 127 F.3d at 991 (defendant's garnishment order filed against a non-debtor party from whom the defendant had no legal right to collect). Therefore, the Court dismisses Lauber's § 1692f claim with prejudice.

## II. Section 1927 Sanctions

The Court has discretion to impose § 1927 sanctions when an attorney acts in an "objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice.'" *Walter*, 840 F.2d at 433 (quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). "[T]he power to assess costs on the attorney involved 'is a power which the courts should exercise *only* in instances of a *serious and studied disregard for the orderly process of justice.*'" *Overnite Transp. Co.*, 697 F.2d at 795 (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968)). "A lawyer's reckless indifference to the law may impose substantial costs on the adverse party," with § 1927 allowing the Court to impose the costs of that lawyer's actions on the lawyer. *See In re TCI Ltd.*, 769 F.2d at 445. As mentioned above, the Court may impose sanctions for an attorney's pursuit of claims

that have no legal or factual basis or that the attorney should have known were unsound. *See Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Lauber's original complaint and first amended complaint do not constitute a serious and studied disregard for the orderly process of justice. Nor are Lauber's actions indicative of bad faith. *In re TCI Ltd.*, 769 F.2d at 445. Lauber filed a first amended complaint that sought to resolve issues raised by Defendants with the original complaint and to bring the complaint in line with the Federal Rules of Civil Procedure. While Lauber's first amended complaint fails to stand up to the Defendants' renewed motion to dismiss, the Court finds no indication of malice, reckless conduct, or indifference to the law on Lauber or her counsel's behalf. Nor can the Court conclude that the mere filing of a complaint and then an amended complaint sufficiently amounts to a "serious and studied disregard for the orderly process of justice." *See Overnite Transp. Co.*, 697 F.2d at 795 (filing a complaint and appealing its dismissal does not constitute a serious and studied disregard for the orderly process of justice, noting that accepting such an argument "would have a profound chilling effect upon litigants and would further interfere with the presentation of meritorious arguments"). Lauber did not file numerous, false motions or pursue a clearly frivolous claim, nor were Lauber's submissions "lengthy, rambling, filled with invective, often recycled from earlier submissions, lack[ing] in citations to authority, and filled with misrepresentations of fact and law." *Kapco Mfg. Co., Inc.*, 886 F.2d at 1490–91. The Court therefore denies Defendants' motion for sanctions under § 1927.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss and denies Defendants' motion for sanctions under 28 U.S.C. § 1927 [18]. The Court dismisses Lauber's first amended complaint with prejudice and terminates this case.

Dated: September 20, 2017

SARA L. ELLIS
United States District Judge